**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA STRAMOL-SPIRZ, | No. 20-35005 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01072-TLF |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Argued and Submitted March 3, 2021
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and PREGERSON,** District
Judge.

Angela Stramol-Spirz appeals the district court's affirmance of an

Administrative Law Judge's ("ALJ") denial of Stramol-Spirz's claims for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

disability insurance benefits and supplemental security income under the Social Security Act. Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

We review the district court's affirmance of an ALJ's denial of Social Security benefits *de novo*. *See Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

The ALJ erred in finding that Stramol-Spirz's reported daily functioning was inconsistent with the alleged severity and persistence of her symptoms. Stramol-Spirz reported that her daily routine consisted of taking her medication, preparing simple meals, reading, using Skype to talk to her family members, letting her dog out, and watching the news. She also said that she was able to do some gardening, cleaning, and laundry.

That Stramol-Spirz could perform these tasks at home, however, does not justify the ALJ's non-disability finding. To the contrary, we have held that "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). And in *Revels v. Berryhill*, we reversed a non-disability determination where the claimant "repeatedly and consistently described the severe limitations on her ability to complete daily activities." 874 F.3d 648, 668 (9th Cir.

2

2017).  So too here: Stramol-Spirz described the limitations on her daily functioning first in a written function report and later in her testimony before the ALJ.

The ALJ likewise erred in partially rejecting a written statement from Stramol-Spirz's daughter, Alea Spirz.  Because we conclude that purported inconsistencies between the severity of Stramol-Spirz's alleged symptoms, on the one hand, and the objective evidence and Stramol-Spirz's daily functioning, on the other, do not constitute "clear and convincing" reasons for rejecting Stramol-Spirz's testimony, those inconsistencies also do not constitute "germane" reasons for partially rejecting Alea Spirz's testimony.  *Id*.

Moreover, the ALJ erred in discounting the medical opinions of Stramol-Spirz's treating physicians and nurse practitioner.  The ALJ discounted treating nurse practitioner Kimberly Sales' opinion that Stramol-Spirz would be unable to work for "at least one year."  As Sales was a treating nurse practitioner, the ALJ could only reject her opinion for reasons "germane" to her.  *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016) (citation omitted).  The ALJ similarly gave little weight to a joint opinion from Sales and Dr. Jeff Smith stating that Stramol-Spirz would miss work more than three times per month.  Because Dr. Smith was a treating physician whose opinion was contradicted by other doctors' opinions, the ALJ could only reject his opinion for "specific and legitimate reasons supported by

substantial evidence in the record." *Reddick*, 157 F.3d at 725 (citation omitted).

Against this standard, the ALJ's explanations for discounting Sales and Dr. Smith's opinions are inadequate. The ALJ asserted that their opinions were not supported by "any objective reason[s]" and lacked sufficient explanation. We disagree. The disability questionnaire that Sales and Dr. Smith completed in March 2015 included extensive notes reporting pain, irritable bowel syndrome, and depression, among other conditions. Those findings were entirely consistent with Sales and Dr. Smith's medical opinions.

The ALJ also erred in giving little weight to Dr. Emilia Parrott's opinion. The ALJ did so because Dr. Parrott "relied heavily on [Stramol-Spirz's] subjective reporting." This explanation was inadequate for two reasons. First, although "[a]n ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted), here, the ALJ did not properly discount Stramol-Spirz's self-reports. In fact, Stramol-Spirz's complaints—as reported by Dr. Parrott—relating to her pain, depression, and other limitations were consistent with both her reported daily functioning and the medical opinions of Sales and Dr. Smith.

Second, the ALJ misunderstood the nature of Stramol-Spirz's impairments. Fibromyalgia is "diagnosed entirely on the basis of patients' reports of pain and

4

other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  In addition to muscle pain, fibromyalgia can cause fatigue, cognitive or memory problems, depression, anxiety disorder, and irritable bowel syndrome.  *See Revels*, 874 F.3d at 657.  The ALJ therefore erred by "effectively requiring objective evidence for a disease that eludes such measurement."  *Benecke*, 379 at 594 (cleaned up).

These errors were also not harmless.  Even though the ALJ proceeded past step two of the sequential disability analysis, the ALJ's errors resulted in a residual functional capacity assessment ("RFC") that excluded the significant limitations caused by Stramol-Spirz's fibromyalgia, depression, anxiety, and other impairments.  Because that RFC, in turn, resulted in a non-disability determination, these errors were prejudicial.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  We remand so the agency may conduct further proceedings under the "ordinary remand rule."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  On remand, the ALJ is directed to reevaluate the entire medical record consistent with this disposition.

**REVERSED AND REMANDED.**